**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:14-cr-000264-APG-VCF |
| Plaintiff | **Order Denying Motion for Compassionate Release** |
| v. | [ECF No. 360] |
| SHA-RON HAINES, | |
| Defendant | |

A jury convicted Sha-Ron Haines of one count of Conspiracy to Commit Sex Trafficking, one count of Sex Trafficking and Aiding and Abetting, one count of Conspiracy to Transport for Prostitution or Other Illegal Sexual Activity, and one count of Transportation for Prostitution or Other Illegal Sexual Activity and Aiding and Abetting. ECF No. 162. Haines was sentenced to 156 months in custody per count, concurrent, followed by Lifetime supervised release. ECF No. 266. His conviction and sentence were affirmed on appeal. *United States v. Haines*, 918 F.3d 694, 700 (9th Cir. 2019). He now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A). ECF No. 360.

The compassionate release statute authorizes courts to reduce a defendant's prison term, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Haines alleges he submitted a request for compassionate release to the warden on March 27, 2025. ECF No. 360 at 3. He does not indicate whether the warden rejected his claim, but for purposes of this motion I will assume the warden did not respond within 30 days. Thus, I deem Haines to have exhausted his administrative remedies.

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons."  I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i) (referring to U.S.S.G. § 1B1.13(2)).

Haines posits four reasons for his request:

(1) he was 18 at the time he committed these crimes,

(2) his mother is "suffering incapacitation" and he needs to support and care for her,

(3) he has served at least 10 years[1] of an unusually long sentence, and there has been a change in the law that makes his sentence grossly disparate from a likely current sentence, and

(4) his "extraordinary rehabilitation."

ECF No. 360 at 2.  None of these constitutes "extraordinary and compelling" reasons to justify releasing Haines early.  First, as Haines concedes, I considered his age and varied his sentence downward a large amount as a result. *Id.* at 12.  Second, other than a vague assertion that his mother is "suffering incapacitation," Haines has not shown that she needs a fulltime caretaker and that he is the only available caretaker.  Third, there has been no change in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed . . . ." USSG § 1B1.13(b)(6).  Haines does not cite to any change in the law; rather, he refers to studies and cases about youthful offenders. ECF No. 360 at

---

[1] The Government disputes whether Haines has, in fact, served 10 years of the sentence in this case. ECF No. 373 at 10.  It appears he has been in federal custody since September 4, 2014. ECF Nos. 23; 27.  It may be possible some of his time in custody has been credited against his sentence in Case No. 2:16- cr-00137-JAD-GWF.  Regardless, this question does not change my decision in this case.

8-14. But, again, when I sentenced Haines I varied downward a significant amount based on his youth. Haines offers nothing to show that his sentence is grossly disparate from a sentence that would be imposed on him now. Finally, while I applaud and encourage Haines' efforts to rehabilitate himself, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

I THEREFORE ORDER that Haines' motion for early release **(ECF No. 360) is denied without prejudice.**

DATED this 9th day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3